UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESTERN WASHINGTON LABORERS-EMPLOYERS PENSION TRUST, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> vs.<br><br>PANERA BREAD CO., et al.<br><br>   Defendants. | Case No. 4:08CV00120 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel [doc. #9]. Western Washington Laborers-Employers Pension Trust ("Western Washington") moves to consolidate this action with 4:08CV00271, an action currently pending before Judge Shaw. The Court heard arguments from the Parties on this Motion on June 16, 2008.

### I. CONSOLIDATION

"When actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated." These two actions were brought by shareholders of Panera Bread during the relevant time period who were injured by what they allege were materially false and misleading statements made by Defendants. The Parties agree, and the Court finds, that both actions involve common questions of law and fact, and consolidation is appropriate. *See Equal Employment Opportunity Commission v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). There is no evidence that consolidation will lead "to inefficiency, inconvenience, or unfair prejudice to a party." *Id.* Rather, consolidation is in the interests of judicial economy

and allows the avoidance of unnecessary cost and delay. Plaintiff's Motion to Consolidate will be granted.

## II. LEAD PLAINTIFF, LEAD COUNSEL AND LIAISON COUNSEL

When Congress enacted the Private Litigation Securities Reform Act of 1995 ("PLSRA"), it "sought to create mechanisms to ensure the protection of class members' interests in securities litigation that was widely perceived as being lawyer-instituted and lawyer-driven." *In re BankAmerica Corp. Securities Litigation*, 350 F.3d 747, 751 (8th Cir. 2003). To effectuate this goal, the PLSRA requires "district courts to appoint a lead plaintiff or lead plaintiff group to represent aggrieved shareholders and requiring these lead plaintiffs to select counsel." *Id.* (*citing* 15 U.S.C. §§ 78u-4(a)(3)(B)(i) and 78u-4(a)(3)(B)(v). To ensure that the litigation is driven by the interests of class members rather than those of class counsel, the Act directs the Court to appoint as lead plaintiff the plaintiff who complies with the following requirements:

> (1) "[publishes], in a widely circulated national business-oriented publication . . . a notice advising members of the purported plaintiff class [of the details of the action;]"
> (2) "has the largest financial interest in the relief sought by the class; and"
> (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. § 78u-4(a)(3)(B). The Court finds that Western Washington satisfies these requirements.

Western Washington published the first notice of the action on January 25, 2008 on *Business Wire*, a national, business-oriented newswire services. Additionally, Western Washington has presented the Court with evidence that they incurred $95,882.13 loss on their transaction in Panera Bread shares. Western Washington has told the Court that, to their knowledge, no other plaintiff has a larger financial interest in the relief sought by the class. In this regard, Western Washington is the type of large, institutional lead plaintiff envisioned by Congress when the PSLRA was enacted. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995). It is important

to note that "the Act contains a rebuttable presumption that the most adequate plaintiff is the 'person or group of persons that . . . has the largest financial interests in the relief sought by the class.'" *In re BankAmerica Corp. Securities Litigation*, 350 F.3d at 751 (*citing* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)). Finally, the Court finds that Fed. R. Civ. P. 23 is satisfied by the appointment of Western Washington as lead plaintiff. *See Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002) (considering typicality and adequacy requirements). The Court finds that Western Washington is the most adequate plaintiff, and selects Western Washington as lead plaintiff.

The PSLRA states that once a lead plaintiff is selected, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Western Washington seeks the approval of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel. Upon review of the firm resume, it appears that Coughlin Stoia has significant experience litigating securities class actions and possesses ample resources to manage the class litigation and protect that class's interests. Lead plaintiffs are also "free to choose whomever they wish to represent them locally." *Tice v. Novastar Financial, Inc.*, 2004 WL 1895180, at *7 (W.D. Mo. August 3, 2004). Western Washington has asked that law firm of Dysart Taylor Lay Cotter & McMonigle, P.C. ("Dysart Taylor") be appointed liaison counsel, and the Court will grant that request.

Accordingly,

**IT IS HEREBY ORDERED** that Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel [doc. #9] is **GRANTED.** Western Washington is appointed Lead Plaintiff, Coughlin Stoia is appointed Lead Counsel, and Dysart Taylor is appointed Liaison Counsel. Additionally, future pleadings shall be filed under

Case No. 4:08CV00120 ERW, and Case No. 4:08CV00271 CAS shall be administratively closed.

Dated this 23rd day of June, 2008.

                                                               E. RICHARD WEBBER
                                                               UNITED STATES DISTRICT JUDGE